IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THOM SHIRAISHI, | ) CIVIL NO. 11-00225 LEK-RLP |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO ) DENY PLAINTIFF'S MOTION FOR |
| vs. | ) REMAND CIVIL NO. 11-1-0558-03 ) ECN, CIRCUIT COURT OF THE FIRST |
| EDWARD H. KUBO JR., HARRY YEE, EDRIC M. CHING, | ) CIRCUIT, STATE OF HAWAII ) |
| Defendants. | ) ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR REMAND CIVIL NO. 11-1-0558-03 ECN, CIRCUIT COURT OF
<u>THE FIRST CIRCUIT, STATE OF HAWAII</u>[1]

On April 14, 2011, Plaintiff Tom Shiraishi filed a Motion for Remand Civil No. 11-1-0558-06 ECN, Circuit Court of the First Circuit, State of Hawaii ("Motion for Remand"). Defendants Edward H. Kubo, Jr., Harry Yee, and Edric M. Ching (collectively "Defendants") filed their opposition on April 27, 2011. Plaintiff filed his reply on May 2, 2011. The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United

---

[1] Within seventeen (17) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, file written objections in the United States District Court. A party must file any objections within the seventeen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

States District Court for the District of Hawaii.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS that this case was properly removed pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).  Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's Motion to Remand.

BACKGROUND

Plaintiff Thom Shiraishi initially filed this action against the Defendants in the Circuit Court of the First Circuit, State of Hawaii, on March 22, 2011.  Plaintiff's Complaint alleges "violations of federal regulations, contract rights, Amendments of the Constitution, a citizens Civil Rights in an obstruction of justice and the due administration of law," and seeks damages.  Compl. ¶¶ 4-5, 33–34.  Plaintiff's claims appear to arise from the filing of a civil foreclosure action by the United States Attorney's Office on November 16, 2004, and the United States Attorney's Office's filing of a motion for relief of bankruptcy stay to permit the foreclosure sale to go forward.  Id. ¶¶ 18, 25.  On April 7, 2011, Defendants removed the Plaintiff's state court action to federal court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442.

DISCUSSION

The Federal Officer Removal Statute authorizes the removal of any "civil action or criminal prosecution" commenced

2

in state court against an officer of the United States (or person acting under him) arising out of acts committed under color of federal office:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1).

The purpose of the statute "is to protect the Federal Government from the interference with its 'operations' that would ensue were a State able, for example, to 'arres[t]' and bring 'to trial in a State cour[t] for an alleged offense against the law of the State,' 'officers and agents' of the Federal government 'acting . . . within the scope of their authority.'" Watson v. Phillip Morris Cos., 551 U.S. 142, 147 (2007) (quoting Willingham v. Morgan, 395 U.S. 402, 406 (1969))(alterations in original). The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of

3

§ 1442(a)(1).'" Arizona v. Manypenny, 451 U.S. 232, 242 (1981) (quoting Willingham, 395 U.S. at 407).

To establish the proper removal under Section 1442(a)(1), Defendants need to show that: (1) they are "persons" within the meaning of the statute (2) there is a causal connection between their actions under the color of federal authority and the acts that allegedly led to plaintiff's injuries, and (3) they can assert a colorable federal defense. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252-53 (9th Cir. 2006).

First, as Plaintiff alleges, Defendants were at all times relevant to this action federal officers employed by the United States Department of Justice: Defendant Kubo as the United States Attorney and Defendants Yee and Ching as Assistant United States Attorneys. See Compl. ¶ 3. Plaintiff's allegations regarding Defendants involves the litigation undertaken in their official capacities as Department of Justice attorneys. See, e.g., Compl. ¶ 6, 8, 14, 18, 25, 26.

Second, the current United States Attorney for the District of Hawaii has certified that the Defendants were acting within the course and scope of their respective official duties in connection with their actions relating to Plaintiff, the subject foreclosure action, and the related bankruptcy proceedings. See Certification of Florence T. Nakakuni, filed

April 7, 2011 [Docket No. 1-1].

Third, Defendants, in their opposition to Plaintiff's Motion for Remand, contend that they will assert a number of colorable federal defenses including, but not limited to, res judiciata or collateral estoppel, statute of limitations, sovereign immunity, and absolute and qualified immunity.  Opp. at 6.

Accordingly, the Court FINDS that Defendants have satisfied all requirements for removal under Section 1442(a)(1).

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 19, 2011



_____
Richard L. Puglisi
United States Magistrate Judge



**SHIRAISHI V. KUBO ET AL., CIVIL NO. 11-00225 LEK-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND CIVIL NO. 11-1-0558-03 ECN, CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII**