IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOM SHIRAISHI, | ) | CV. NO. 11-00225 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| EDWARD H. KUBO, JR., HARRY YEE, EDRIC M. CHING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court: (1) **DENIES** Plaintiff's Objections to the Findings and Recommendation to Deny Plaintiff's Motion for Remand (Doc. # 21) and (2) **ADOPTS** the Magistrate Judge's Findings and Recommendation (Doc. # 17).

BACKGROUND

Plaintiff Tom Shiraishi ("Plaintiff") initially filed this action against the Defendants in the Circuit Court of the First Circuit, State of Hawaii, on March

22, 2011. ("F&R," Doc. # 17, at 2.) Plaintiff's Complaint alleges "violations of federal regulations, contract rights, Amendments of the Constitution, a citizens Civil Rights in an obstruction of justice and the due administration of law" and seeks damages. ("Compl.," Doc. # 1-2, ¶¶ 4–5, 33–34.) Plaintiff's claims stem from the alleged filing of a civil foreclosure action by the United States Attorney's Office on November 16, 2004, and the United States Attorney's Office's filing of a motion for relief of bankruptcy stay to permit the foreclosure sale to go forward. (Id. ¶¶ 18, 25.) According to Plaintiff, this misconduct was alleged to have occurred pending an appeal. (Id. ¶ 33(4).) The Complaint makes clear that Plaintiff's claims stem exclusively from acts undertaken by Defendants in connection with civil litigation in their official capacities as Department of Justice attorneys. (See, e.g., Compl. ¶¶ 8, 18, 26, 33(4), 34.)

On April 7, 2011, Defendants removed the state court action to federal court pursuant to 28 U.S.C. § 1442. (Doc. # 1.) On April 14, 2011, Plaintiff filed a Motion for Remand which was referred to United States Magistrate Judge Richard L. Puglisi. (Doc. # 11.) On May 19, 2011, Judge Puglisi issued his Findings and Recommendation to Deny Plaintiff's Motion for Remand. (Doc. # 17.) On May 25, 2011, Plaintiff filed the instant Objections to

the Findings and Recommendation. ("Objections," Doc. # 21.) On June 8, 2011, the Defendants filed their Response to the Objections. ("Resp.," Doc. # 25.)

STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576–66 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## DISCUSSION

The Federal Officer Removal Statute provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by the to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1). The purpose behind this statute "is to protect the Federal Government form the interference with its operations that would ensue were a state able, for example, to arrest and bring to trial in a State court for an alleged offense against the law of the State, officers and agents of the Federal government acting . . . within the scope of their authority." Watson v. Phillip Morris Cos., 551 U.S. 142, 147 (2007) (citing Willingham v. Morgan, 395 U.S. 402, 406 (1969))

(quotations and modifications omitted). The United States Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" Arizona v. Manypenny, 451 U.S. 232, 242 (1981) (quoting Willingham, 395 U.S. at 407); see also Durham v. Locheed Martin Corp., 445 F.3d 1247, 1252–53 (9th Cir. 2006) (same).

A party seeking removal per § 1442(a) must demonstrate: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Durham, 445 F.3d at 1251 (citing Jefferson County v. Acker, 527 U.S. 423, 431 (1999)).

Judge Puglisi concluded this three-prong test was satisfied, finding first that "as Plaintiff alleges, Defendants were at all times relevant to this action federal officers employed by the United States Department of Justice." (F&R at 4 (citing Compl. ¶ 3).) Second, Judge Puglisi found that "the current United States Attorney for the District of Hawaii has certified that the Defendants were acting within the course and scope of their respective official duties in connection with their actions relating to Plaintiff, the subject foreclosure action, and the related

5

bankruptcy proceedings."  (Id.)  Finally, Judge Puglisi found that "Defendants, in their opposition to Plaintiffs Motion for Remand, contend that they will assert a number of colorable federal defenses including but not limited to, res judicata or collateral estopppel, statute of limitations, sovereign immunity, and absolute and qualified immunity."  (Id. at 5.)  Judge Puglisi therefore concluded that Defendants satisfied all requirements for removal under Section 1442(a)(1) and recommended that Plaintiff's Motion for Remand be denied.  (Id.)

It is not entirely clear to the Court what, specifically, Plaintiff here challenges with respect to Judge Puglisi's decision.  The majority of Plaintiff's Objections can only be characterized as ad hominem attacks on Judge Puglisi.[1] (Objections at 4–8, 10.)  As best this Court can discern, the actual objections Plaintiff raises with respect to Judge Puglisi's decision include only the following:

- Defendants did not act within the course and scope of their respective duties when the underlying conduct took place.  (Id. at 8.)

- Defendants have not raised colorable defenses.  (Id. at 10.)

---

[1] Indeed, Plaintiff appears to suggest that Judge Puglisi has somehow engaged in criminal or negligent conduct.  (Objections at 5.)

6

Therefore, according to Plaintiff, this Court lacks jurisdiction to hear the case. (Id. at 1–3.) The Court disagrees.

With respect to the first point, Plaintiff cites no case law and makes only the conclusory argument that Defendants were not acting within the scope of their official duties because they pursued the complained of foreclosure while appeals were allegedly pending. (Id. at 8.) The Supreme Court has concluded that this sort of argument is insufficient to defeat removal:

> [W]e think it was sufficient for petitioners to have shown that their relationship to respondent derived solely from their official duties. Past cases have interpreted the 'color of office' test to require a showing of a 'causal connection' between the charged conduct and asserted official authority. . . . It is enough that (petitioners') acts or (their) presence at the place in performance of (their) official duty constitute the basis, though mistaken or false, of the state prosecution. In this case, once petitioners had shown that their only contact with respondent occurred . . . while they were performing their duties, we believe that they had demonstrated the required 'causal connection.' The connection consists, simply enough, of the undisputed fact that petitioners were on duty, at their place of federal employment, at all the relevant times. If the question raised is whether they were engaged in some kind of 'frolic of their own' in relation to respondent, then <u>they should have the opportunity to present their version of the facts to a federal, not a state, court</u>. This is exactly what the removal statute was designed to accomplish.

Willingham, 395 U.S. at 409 (citations and quotations omitted) (emphasis added). Here, not only have Defendants submitted a certification of the current United States Attorney stating that Defendants were acting within the course and scope of

7

their official duties, (see Doc. # 1-1 ¶ 3,) but in the Complaint Plaintiff makes clear that the conduct was undertaken in their official capacities as Department of Justice attorneys. (Compl. ¶¶ 6, 8, 14, 18, 25, 26.) Because Defendants "were on duty, at their place of federal employment, at all relevant times," Defendants are entitled to present their version of the facts to this Court. Willingham, 395 U.S. at 409. Judge Puglisi correctly concluded that this prong of the test was satisfied. (F&R at 4.)

Plaintiff's remaining contention, that Defendants have not raised colorable defenses, is also without merit. On this point, Plaintiff asserts:

> Finally Judge Puglisi to support his Findings and Recommendations provides the Defendants will assert a number of colorable federal defenses including, but not limited to res judicata, or collateral estoppel, statute of limitations, sovereign immunity and absolute and qualified immunity.
> Judge Puglisi apparently did not review Plaintiff's Complaint that had addressed res judicata, collateral estoppel and the statute of limitations that lacks any standing, and the judicial conduct organizations and the courts have already ruled the Defendants waived their sovereignty [sic], absolute and qualified immunity when they committed their criminal felonies.

(Objections at 10.) Whether Plaintiff addressed these defenses in his Complaint has no bearing on whether Defendants have raised colorable defenses.[2] Instead, a

---

[2] Indeed, it is not the Plaintiff's role to determine whether a defense has merit or is colorable.

colorable defense is merely a plausible defense, and a court need not determine at the removal stage if that defense will succeed at trial. See Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n.12 (2006) ("An officer's federal defense need only be colorable to assure the federal court that it has jurisdiction to adjudicate the case."). Here Judge Puglisi properly identified the appropriate standard and reasonably applied it to the facts before him. He did not err legally, nor has Plaintiff pointed the Court to any fact or circumstances which suggests he erred factually. Plaintiff has therefore failed to carry his heavy burden in seeking reconsideration of Judge Puglisi's decision.[3]

---

[3] Plaintiff also argues that his Tucker Act claim precludes Defendants from removing the case to federal court. (Objections at 3.) The Court disagrees. First the Court is not convinced that Plaintiff has anywhere alleged a claim that is, in substance, a Tucker Act claim. Along this vein, Defendants here submit that the Complaint fails to state a valid Tucker Act cause of action. The Supreme Court has made clear that the federal removal statute is "broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." Willingham, 394 U.S. at 106–07. Failing to state a claim for relief is plainly a colorable defense and Plaintiff's claim therefore falls directly into the ambit of the removal statute. Moreover, allowing Plaintiff to use his one Tucker Act claim as a basis for remanding his entire case to state court is simply illogical and frustrates the purpose both of the Federal Officer Removal Statute as well as the Tucker Act itself, whose primary purpose is to ensure large claims against the United States are heard in the Court of Federal Claims rather than district courts. See McGuire v. United States, 550 F.3d 903, 911 (9th Cir. 2008) ("The legislative intent [behind the Tucker Act] in granting concurrent district court jurisdiction over claims of less than $10,000 was to relieve small claimants of the expense of traveling to Washington, D.C., to litigate before the Court of Federal Claims, while large claims remained centralized at the seat of the

## CONCLUSION

For these reasons the Court: (1) **DENIES** Plaintiff's Objections to the Findings and Recommendation to Deny Plaintiff's Motion for Remand (Doc. # 21.) and (2) **ADOPTS** the Magistrate Judge's Findings and Recommendation (Doc. # 17.).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 23, 2011.

_____
David Alan Ezra
United States District Judge

Shiraishi v. Kubo, et al., CV 11-00225 DAE-BMK;  ORDER: (1) DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

---

government so that department heads would be better able to protect the government's interests."). This rational applies a fortiori with respect to large Tucker Act claims brought in state court. Plaintiff's argument is therefore more properly addressed in a Motion to Transfer to the Court of Claims rather than a Motion for Remand to state court.