IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| THOM SHIRAISHI, | ) | CV. NO. 11-00225 DAE-BMK |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| EDWARD H. KUBO, JR., HARRY YEE, EDRIC M. CHING, | ) | |
| Defendants. | ) | |

ORDER: (1) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; AND (3) VACATING THE HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion, the supporting and opposing memoranda, and Plaintiff's Complaint, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss ("Motion"). (Doc. # 18). The hearing on the motion, set for September 12, 2011, is hereby **VACATED**.

BACKGROUND

Plaintiff Tom Shiraishi ("Plaintiff") initially filed this action against Defendants Edward H. Kubo Jr., Harry Yee, and Edric M. Ching ("Defendants") in

the Circuit Court of the First Circuit, State of Hawaii, on March 22, 2011. (Doc. # 17, at 2.) The Complaint alleges "violations of federal regulations, contract rights, Amendments of the Constitution, a citizens Civil Rights in an obstruction of justice and the due administration of law" and seeks more than $5,000,000 in compensatory and punitive damages. ("Compl.," Doc. # 1-2, ¶¶ 4–5, 33–34.) Plaintiff's claims appear to stem from the alleged filing of a civil foreclosure action by the United States Attorney's Office on November 16, 2004, and the United States Attorney's Office's filing of a motion for relief of bankruptcy stay to permit the foreclosure sale to go forward. (Id. ¶¶ 18, 25.) On April 7, 2011, Defendants removed the state court action to federal court pursuant to 28 U.S.C. § 1442. (Doc. # 1.) Plaintiff subsequently filed a Motion for Remand, which was referred to United States Magistrate Judge Richard L. Puglisi. (Doc. # 11.) On May 19, 2011, Judge Puglisi issued his Findings and Recommendation to Deny Plaintiff's Motion for Remand (Doc. # 17), and on June 23, 2011, this Court issued an Order Adopting Judge Puglisi's Findings and Recommendation (Doc. # 28).

On May 23, 2011, Defendants filed the instant Motion to Dismiss the Complaint with Prejudice. (Doc. # 18.) Plaintiff filed an Opposition on June 3, 2011. (Doc. # 23.) Plaintiff submitted a Supplemental Memorandum in

Opposition on July 11, 2011.[1] (Doc. # 29.) Defendants filed a Reply to Plaintiff's Opposition on August 1, 2011. (Doc. # 31.)

STANDARD OF REVIEW

I.  Motion to Dismiss

   A.  Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coalition v. U.S. Env't Prot. Agency, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007). "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual.

---

[1] Pursuant to Local Rule 7.4, leave of court is required to submit further or supplemental briefing. Plaintiff did not seek leave to file his Supplemental Memorandum in Opposition. Therefore, the Court declines to consider that supplemental memorandum.

3

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true. Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003); see also Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction." Mason, 260 F. Supp. 2d at 815. When subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction. Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001)).

B.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and

5

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F .3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Sua Sponte Dismissal

   A.     Federal Rule of Civil Procedure 12(b)(6)

   The court may dismiss a complaint pursuant Rule 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995) ("[D]ismissal of Branson's complaint was required because the district court lacked subject matter jurisdiction . . . .").

B. <u>Federal Rule of Civil Procedure 8</u>

A court may also <u>sua sponte</u> dismiss a complaint for failure to comply with Rule 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed <u>sua sponte</u> for failure to satisfy Rule 8. <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting <u>Gillibeau v. City of Richmond</u>, 417 F.2d 426, 431 (9th Cir. 1969); <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to <u>sua sponte</u> dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); <u>see also</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); <u>Nevijel v. N. Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their

9

veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

I.      Sua Sponte Dismissal of Plaintiff's Complaint

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126–30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Here, Plaintiff's Complaint is verbose, confusing, and replete with conclusory allegations. Plaintiff does not clearly identify in any coherent or organized manner the separate causes of action that he is asserting, nor does he provide specific factual allegations to support his conclusions. Rather, his Complaint is largely comprised of long, unintelligible sentences containing mixed statements of law and fact and unsubstantiated conclusions. By way of single example, Plaintiff alleges the following with respect to Mr. Kubo:

> Mr. Kubo will not protect Plaintiff's Civil Rights to the Homestead Protection by compelling the FSA to consummate the program, nor will Mr. Kubo comply with Title 42 § 1987 that requires the conspirators to be arrested, prosecuted and imprisoned for attempting to sell Plaintiff's property to defraud him of his Homestead Protection rights, prohibited by regulations, the Fourth and Fifth Amendments to the Constitution and Title 42 § 1983 in deprivation of a federally protected right.
> Rather, Mr. Kubo chose to even disregard the FSA and OGC's requests and proceeded in his own conspiracy to sell Plaintiff's property and defraud him of his Homestead Protection rights.
> Mr. Kubo will not file for foreclosure requested by the FSA and approved by the OGC, therefore, a foreclosure was never granted. Mr. Kubo did not have title to Plaintiff's property, easily confirmed by the Bureau of Conveyance's records, did not have a Power of Sale, therefore, did not have Plaintiff's consent, enlisted Lisa Yoshimura, paralegal from his office to join him in a non-judicial foreclosure to sell Plaintiff's property in violation of the Fourth Amendment right against illegal seizures and the deprivation of property rights without due process of law, to defraud the Plaintiff of his Homestead Protection rights, is a felony of grand larceny.

(Compl. ¶¶ 13, 14.) This is just one of many instances in which Plaintiff blends his discussion of various causes of action in an incoherent manner. These statements are precisely the sort of "patently verbose, confusing, and rambling" allegations that cannot satisfy Rule 8. Mendiondo, 521 F.3d at 1105 n.4 (citing Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981)). Indeed, these accusations cannot be said to provide the defendants fair notice of the wrongs they have allegedly committed. See Simmons, 49 F.3d at 86 (stating that dismissal is appropriate where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised).

Additionally, Plaintiff's Complaint recites a laundry list of 32 different legal principles that purportedly demonstrate "Mr. Kubo, Mr. Yee and Mr. Ching's accountability." (Compl. ¶¶ 12, 26.) However, Plaintiff offers no explanation as to how those legal principles are relevant to the alleged facts and circumstances of this case. In other words, Plaintiff merely "offers labels and conclusions or a formulaic recitation of the elements of a cause of action." Iqbal, 129 S. Ct. at 1949. This is insufficient.

Plaintiff's claim that his civil rights were violated is similarly lacking. For example, plaintiff alleges as follows:

> Mr. Ching has become an accessory to Mr. Kubo's and Mr. Yee's conspiracy to sell Plaintiff's property to defraud him of federally protected benefits and stands to be held accountable for conspiring to violate Civil Rights and for obstruction of justice.

(Compl. ¶ 25.) This is one of many passing references to a civil rights violation interspersed throughout the Complaint. (Id. ¶¶ 4, 7, 11, 12, 13, 17, 18, 19, 26, 27, 32) However, the Complaint is completely devoid of any facts or allegations that substantiate the claimed civil rights violation. Even applying the most liberal of pleading standards, the Court cannot discern from the Complaint the conduct on which this claim is based. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

Moreover, Plaintiff's Complaint is laced with sarcasm, hyperbole, and personal attacks. For example, Plaintiff poses a series of rhetorical questions in describing what he characterizes as an "obvious conspiracy." (Compl. ¶ 9.) Plaintiff also makes several ad hominem attacks on defendants and others.[2] (Id. ¶¶ 10, 19, 23, 25.) These statements reflect a deviation from the pleading standards

---

[2]The Court also observes that Plaintiff's Memorandum in Opposition to the instant Motion to Dismiss contains numerous ad hominem attacks aimed at the defense attorneys and judges who presided over Plaintiff's prior litigation. The Court advises Plaintiff that these statements are not relevant to the resolution of the pending motion.

set forth in Rule 8, which require each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In other words, such statements serve to further disguise the true substance of Plaintiff's Complaint. See Hearns, 530 F.3d at 1131 (stating that a complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed sua sponte for failure to satisfy Rule 8).

In sum, upon review of the record and for the reasons set forth above, the Court sua sponte concludes that the Complaint fails to comply with Rule 8. The Complaint is **DISMISSED WITHOUT PREJUDICE** with leave to amend no later than 30 days from the filing of this Order. Plaintiff is advised that the amended complaint must clearly articulate the causes of action alleged, the factual allegations upon which those causes of action are based, and the relief sought.

II. Defendants' Motion to Dismiss

Defendants argue that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because: (1) all claims asserted against Defendants in their official capacities are barred by the doctrine of sovereign immunity; and (2) all claims asserted against Defendants in their individual capacities pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) are barred by the doctrines of absolute and/or qualified immunity. Additionally, Defendants contend that all of Plaintiff's claims are barred by the doctrines of res judicata

14

and/or collateral estoppel.  The Court believes it is premature to reach Defendants' arguments since it remains entirely unclear exactly what Plaintiff is alleging.  Further, as stated above, Plaintiff is being provided the opportunity to amend his complaint.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss the Complaint.

## CONCLUSION

For these reasons stated above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint and **DENIES WITHOUT PREJUDICE** Defendants' Motion to Dismiss.  (Doc. # 18).  The hearing on the motion, set for September 12, 2011, is hereby **VACATED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2011.



David Alan Ezra
United States District Judge

Shiraishi v. Kubo, et al., CV 11-00225 DAE-BMK;  ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS; AND (3) VACATING THE HEARING